# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

DWAYNE FITZGERALD JACKSON, JR.,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-47

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Dwayne Fitzgerald Jackson, Jr. ("Jackson"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 10.) Jackson has filed two Motions to Amend his Petition, (docs. 4, 12), as well as two discovery motions, (docs. 9, 13.). For the reasons which follow, the Court **DENIES** Jackson's Motions to Amend and his Motions for Admissions. Further, I **RECOMMEND** that the Court **DISMISS** Jackson's Petition, **CLOSE** this case, and **DENY** Jackson *in forma pauperis* status on appeal.

## **BACKGROUND**

Jackson pleaded guilty in the United States District Court for the Middle District of Florida to seven counts of commercial robbery, in violation of 18 U.S.C. § 1951, and one count of possessing and using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 10-1, pp. 8–12.) On November 4, 2015, the district court sentenced him to an aggregate sentence of one hundred and forty-four months' imprisonment and three years'

supervised release. Id. In addition, the sentencing court ordered that Jackson must pay $800.00 in assessments and $8,454.00 in restitution to his victims. (Id. at pp. 11–12.) The Court also issued a forfeiture money judgment and preliminary order of forfeiture. (Id. at pp. 13–14.) Jackson is currently serving his sentence at FCI Jesup, which is within this District.

## DISCUSSION

In his Petition, Jackson seeks a judgment that the monetary portion of his criminal judgment has been fully satisfied and that the judgment be vacated. (Doc. 1, pp. 7, 10.) In essence, Jackson claims that he has discharged his debt by providing the United States with $8,009,254.00 in credit. (Id. at pp. 8–9, 12.) In support of his argument, he cites an "Accommodation Note", which he provided to the Government on March 28, 2016. (Doc. 10-2, p. 3.) He also cites a "Notice of Discharge of all Costs and Restitution", which Jackson filed with his sentencing court on April 1, 2016. (Id. at pp. 8–9, 12.) In that Notice, Jackson claimed that he had the right to discharge his criminal debt under 28 U.S.C. § 3206 and that payment was being remitted pursuant to various provisions of the Uniform Commercial Code. (Id. at p. 12.)

In opposition to Jackson's Petition, Respondent argues that the claims for relief from the restitution judgement are not cognizable under 28 U.S.C. § 2241. (Doc. 10, pp. 5–7.) Respondent also argues that Jackson failed to exhaust his administrative remedies. (Id. at pp. 7–8.) According to Respondent, Jackson has not made any payments towards his criminal monetary judgment. (Doc. 10-4, p. 2.)

Jackson has filed a Motion to Amend his Petition in which he seeks to change the nature of his requested relief from a petition for a writ of habeas corpus to a petition for a writ of *audita querela*. (Doc. 12.) In that Motion, Jackson states that he cannot proceed via Section 2241.

**I.      Whether Jackson May Proceed with his Petition Pursuant to Section 2241**

As Respondent points out and Jackson apparently concedes, Jackson cannot use Section 2241 to obtain relief regarding the monetary portions of his criminal judgment. A Section 2241 petition is generally reserved for challenges to the execution or duration of a federal prisoner's custodial sentence. See Bryant v. Warden, 738 F.3d 1253, 1288 (11th Cir. 2013); Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), *revised by* 596 F.2d 658 (5th Cir. 1979) (The function of habeas corpus "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose."). "But whatever the expanded scope of [habeas corpus] jurisdiction may be, the remedy that habeas corpus provides remains tied to some form of relief from the petitioner's custody." Arnaiz v. Warden, Fed. Satellite Low, 594 F.3d 1326, 1329 (11th Cir. 2010).

Jackson does not challenge his conviction, his sentence of imprisonment, or the execution of his sentence of imprisonment by the custodial system implementing it. Even if successful, his claims would not shorten his custody or invalidate his convictions. Rather, his Petition solely takes issue with the balance of his criminal monetary penalties, including restitution, and the government's alleged failure to discharge him from those debts. (Doc. 1.) As the Eleventh Circuit has made clear, because such a challenge does not implicate the execution or duration of an inmate's custody, the inmate cannot bring the challenge through Section 2241. Arnaiz, 594 F.3d at 1328–30 (per curiam) (affirming this Court's dismissal of petition and holding that a prisoner cannot obtain relief from the restitution portion of his sentence by seeking a writ of habeas corpus under Section 2241). Consequently, to the extent that Jackson relies upon Section 2241 to bring his claims, that avenue provides him no relief.

**II. Whether Jackson may Amend His Petition to seek the Writ of *Audita Querla***

In his first Motion to Amend, Jackson seeks to recast his Petition as seeking a writ of *audita querla*. Federal Rule of Civil Procedure 15(a)(2) directs that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Thus, generally, a district court should afford a plaintiff at least one opportunity to amend a complaint in order to correct deficiencies. Langlois v. Traveler's Ins. Co., 401 F. App'x 425, 426 (11th Cir. 2010) (citing Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005)). "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quotations and citations omitted). An exception to this rule exists, however, "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Jackson's proposed amendment to his Petition would be futile for several reasons.

The writ of *audita querela*, "Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005). The writ was typically employed by a debtor in a civil case to stop a judgment's execution "because of some defense or discharge arising subsequent to the rendition of the judgment." Id. "*Audita querela* is distinguished from *coram nobis* in that *coram nobis* attacks the judgment itself, whereas *audita querela* is directed against the enforcement, or further enforcement, of a judgment which, when rendered, was just and unimpeachable." United States v. Miller, 599 F.3d 484, 487 (5th Cir. 2010). "A writ of *audita*

*querela* is now available only to attack a criminal judgment." Orlansky v. United States, 627 F. App'x 915 (11th Cir. 2015) (citing Fed. R. Civ. P. 60(e)).

However, the Eleventh Circuit has held that *audita querela* cannot be used to reduce a restitution judgment when statutory avenues exist to achieve that reduction. Id. at 915–16. In Orlansky, the court explained that, though federal courts retain the authority to issue all writs, that residual authority does not apply if a statute addresses the issue at hand. Id. at 915 (citing Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)). The court went on to explain that 18 U.S.C. § 3664 provided the petitioner an avenue to obtain the relief he sought through *audita querela*. Id. at 916. Accordingly, the Eleventh Circuit affirmed the district court's dismissal of the petition. Id.

Likewise, in this case, it appears that Jackson's avenue for relief, if any, rests with the sentencing court. Through 18 U.S.C. § 3664(o), Congress has provided mechanisms by which the sentencing court can correct, amend, and modify an order of restitution. Thus, to the extent that Jackson takes issue with the order of restitution, it appears he has avenues available to him without resorting to the writ of *audita querela*.

To the extent that Jackson argues the order of restitution has become infirm due to circumstances after the entry of the order, some Circuits have recognized, "with some reservation, that the writ of *audita querela* might also survive in criminal adjudications, if there is a gap for it to fill" in the federal post-conviction remedial scheme. United States v. Miller, 599 F.3d 484, 487 (5th Cir. 2010) (citing United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993)); United States v. Reyes, 945 F.2d 862, 865 & n.5 (5th Cir. 1991); United States v. Holder, 936 F.2d 1 (1st Cir. 1991); United States v. Ayala, 894 F.2d 425, 429 (D.C. Cir. 1990); United States v. Kimberlin, 675 F.2d 866 (7th Cir. 1982). However, it is not clear if that authority

would provide Jackson with the ability to bring an independent cause of action in this Court as opposed to petitioning the sentencing court. Ordinarily, a sentencing court retains jurisdiction over its restitution order. United States v. Joseph, 914 F.2d 780 (6th Cir. 1990); United States v. Smith, No. CR01-0057, 2010 WL 55484, at *3 (N.D. Iowa Jan. 6, 2010); United States v. Watson-El, No. 04-00181-01-CR-W-NKL, 2009 WL 1765007, at *2 (W.D. Mo. June 22, 2009); United States v. Holland, 380 F. Supp. 2d 1264, 1269 (N.D. Ala. 2005). As the Seventh Circuit explained, "the district court must make clear in its [restitution] order that it is retaining supervision and control over the defendants, including the payment of restitution, and that any problems encountered in the enforcement of the [restitution] order, by either the probation department or the defendants, must be brought to the sentencing judge's attention for resolution by him." United States v. Boula, 997 F.2d 263, 269 (7th Cir. 1993).

This Court need not delve into these procedural issues to resolve Jackson's Motion to Amend, because his substantive arguments in support of the writ entirely lack legal support. There is absolutely no basis for Jackson's argument that, by delivering a note of personal indebtedness to the Government, he somehow satisfied his restitution obligations. Jackson's "Accommodation Note" is worth less than the paper that it was written on, and the Government was under no obligation to accept it. Obviously, if a defendant's unsecured promissory note satisfied restitution obligations and assessments, victims and the Government would consistently be left "holding the bag" of worthless paper.[1]

Unsurprisingly, courts have categorically rejected similar attempts at "payment" made by other defendants. See, e.g., In re Smith v. Behavioral Sys. Sw., No. ED CV151226RT (PLA), 2015 WL 4607855, at *3 (C.D. Cal. July 30, 2015) ("[P]etitioner here has provided the Court

---

[1] Petitioner's "payment" to the Government is reminiscent of Lloyd Christmas' provision of a suitcase full of handwritten IOUs with the assurance, "That's as good as money, sir. Those are IOUs. Go ahead and add it up. Every cent's accounted for." *Dumb and Dumber* (New Line Cinema 1994).

6

with no evidentiary (or on-point legal) support for his claim that the alleged 'bond' or 'promissory note' that he discusses in his Exhibits to the Petition satisfies his outstanding restitution obligation. Indeed, none of the documents attached to the Petition demonstrates that petitioner has provided any acceptable payment to the Court that would discharge his restitution obligation in whole or in part."); Harris v. Rios, No. 1:11-CV-01722-BAM-HC, 2012 WL 913757, at *4 (E.D. Cal. Mar. 16, 2012) ("Petitioner cites no authority, however, and the Court is aware of none, that requires either a custodial authority or a sentencing court to permit a prisoner to satisfy a criminal judgment for a fine by a prisoner's service of the sentence, a promissory note, or unspecified personal property."). Moreover, Jackson's restitution obligation is not governed by the Uniform Commercial Code, as he claims, but instead by 18 U.S.C. § 3664(f)(3)(A). That statute prescribes the acceptable forms of restitution payments, including: a single, lump-sum payment; partial payments at specified intervals; in-kind payments; or a combination of payments at specified intervals and in-kind payments. "IOUs" are not included in the statute's list or in Jackson's sentencing court's judgment and order.

For all of these reasons, the Court **DENIES** Petitioner's Motion to Amend his Petition to seek a writ of *audita querela* as futile. Consequently, Petitioner has no cognizable claims before this Court, and the Court should **DISMISS** his Petition.

## II.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Jackson leave to appeal *in forma pauperis*. Though Jackson has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal

is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Jackson's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Jackson's Motion to Amend his Petition to seek a writ of *audita querela*. (Doc. 4.) Additionally, the Court **DENIES AS MOOT** his Motion to Amend the named Respondents, (doc. 12), and his Motions for Admission, (docs. 9, 13). I **RECOMMEND** that the Court **DISMISS** Jackson's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Jackson leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Jackson and Respondent.

**SO ORDERED**, this 6th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA